## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| U.S. PERSON TRUST(S) EX REL. YOUNG, JOHNNY; SAVAGE, PAUL; AND PREFERRED NAME ISRAEL ZADOCK, ET AL., <br>     *Plaintiffs,* <br><br> v. <br><br> FEDERAL RESERVE BOARD OF GOVERNORS; FEDERAL RESERVE BANK OF PHILADELPHIA; AND U.S. TREASURY, <br>     *Defendants.* | Civil No. 24-5422 |

## MEMORANDUM

**Costello, J.**                                                                                                    November 21, 2025

      Plaintiffs[1] Johnny Young, Paul Savage, and Israel Zadock allege that their birth certificates evidence trusts that were created on their behalf by the federal government. Plaintiffs' birth certificates, they claim, are also evidence of a "strawman" legal identity apart from their personal identity. They now bring suit against the Federal Reserve Board of Governors ("Governors"), the Federal Reserve Bank of Philadelphia, and the U.S. Treasury ("Treasury Department") (collectively the "Defendants") seeking to affirm the existence of these

---

[1] Plaintiffs style themselves as "U.S. Person Trusts." *See* Compl., ECF No. 1. A trust cannot represent itself *pro se*. *Van De Berg v. C.I.R.*, 175 F. App'x 539, 541 (3d Cir. 2006) (citation omitted). Liberally interpreting their complaint, Plaintiffs are not bringing suit on behalf of these trusts but rather on their own behalf. *See Custer v. Green*, CIVIL ACTION NO. 23-CV-1903, 2023 WL 8358123, at *1 n.1 (E.D. Pa. Dec. 1, 2023) (liberally construing sovereign citizen complaint to be brought on behalf of an individual rather than on behalf of a "trust" because of rule prohibiting *pro se* representation of an artificial entity in federal court). Because Plaintiffs may represent themselves *pro se,* the Court will address the merits of Plaintiffs' claims.

trusts, to ensure that no action is taken against these trusts, and to disclaim any debts that are tied to their "strawmen" legal identities. Defendants[2] move to dismiss Plaintiffs' complaint. As is discussed more fully below, Plaintiffs' claims are fictitious. Accordingly, the Court will grant Defendants' motions to dismiss.

## I.   BACKGROUND

Plaintiffs allege that their birth certificates serve to confirm the existence of trust accounts and the existence of their distinct "legal" and "personal" identities. Compl., ECF No. 1 ¶¶ 2, 16. Plaintiffs allege that the federal government was required to fund these trust accounts. *Id.* ¶¶ 3-9. However, Plaintiffs claim that due to improper conduct on the part of the Defendants and banks generally, Plaintiffs have not been able to access the funds within these accounts. *Id.* ¶¶ 10-17. Plaintiffs request that the Court order the Defendants to create and fund a constructive trust account for their benefit at PNC Bank. *Id.* ¶ 13. Further, Plaintiffs seek to escape liability for their personal debts because such debts belong to their legal identities, which they now seek to disclaim in favor of their personal identities. *Id.* ¶¶ 13, 16.

## II.   LEGAL STANDARDS

### A.   Jurisdiction over Fictitious Claims.

Before addressing the merits of a case, the Court must confirm its subject matter jurisdiction. *Nichols v. United States*, 474 F. App'x 854, 856 n.3 (3d Cir. 2012) (citation omitted). A court can dismiss a claim for lack of subject matter jurisdiction "if the federal

---

[2]   The Federal Reserve Bank of Philadelphia and the Governors filed separate motions to dismiss. *See* Fed. Res. Bank of Phila. Mot., ECF No. 32; Fed. Res. Bd. Govs. Mot., ECF No. 57. After the Governors filed their motion, the Treasury Department filed a motion to join in the Governors' motion. The Treasury Department seeks to adopt the Governors' motion to dismiss in its entirety. Treasury Dept. Mot. to Join, ECF No. 67 at 2. Because the Governors and the Treasury Department are entitled to dismissal on the same bases, the Court will grant the Treasury Department's motion to join in the Governors Motion to Dismiss.

claim . . . is 'wholly insubstantial and frivolous.'" *Kulick v. Pocono Downs Racing Ass'n, Inc.*, 816 F.2d 895, 898 (3d Cir. 1987) (quoting *Bell v. Hood*, 327 U.S. 678, 682-83 (1946)). Dismissal on this basis is only proper when "the right claimed is 'so insubstantial, implausible, foreclosed by prior decisions of the [U.S. Supreme Court], or otherwise completely devoid of merit as not to involve a federal controversy.'" *Id.* (quoting *Oneida Indian Nation v. Cnty. of Oneida*, 414 U.S. 661, 666 (1974)).

### B.  Jurisdiction over Claims Barred by Sovereign Immunity.

Another doctrine that impacts whether the Court has jurisdiction in this case is sovereign immunity. "'[S]overeign immunity' . . . deprives a court of subject matter jurisdiction over claims against the United States.'" *Izzo v. U.S. Gov't*, 138 F. App'x 387, 389 (3d Cir. 2005) (quoting *Richards v. United States*, 176 F.3d 652, 654 (3d Cir. 1999)).  This immunity extends to the federal government's agencies like the Treasury Department and other entities like the Federal Reserve Board of Governors.  *See Bah v. United States*, 91 F.4th 116, 120 (3d Cir. 2024) (federal agencies have sovereign immunity); *Albrecht v. Comm. on Employee Benefits of the Fed. Res. Employee Benefits Sys.*, 357 F.3d 62, 67 (D.C. Cir. 2004) (Federal Reserve Board of Governors has sovereign immunity).  For a Court to have jurisdiction over claims against the federal government, Congress must waive the government's immunity over that claim. *Treasurer of N.J. v. U.S. Dep't of Treasury*, 684 F.3d 382, 395 (3d Cir. 2012).

## III.    DISCUSSION

### A.  Plaintiffs' Claims are Fictitious.

Plaintiffs' strawman/redemption theory has no legal basis.  *See Prelle v. United States Mint*, CIVIL ACTION NO. 24-5291, 2024 WL 4898064, at *4, *7 (E.D. Pa. Nov. 26, 2024).  The theory espouses that a person has "two identities: a real 'private' individual and a fictional

3

'public' person." Jessica K. Phillips, *Not All Pro Se Litigants are Created Equally*, 29 GEO. J. LEGAL ETHICS 1221, 1226 (2016). A tenet of this theory is that a person's birth certificate is used by the federal government "to create fraudulent contracts, which causes individuals to 'unknowingly pledge themselves and their property . . . as security for the national debt in exchange for the benefits of citizenship.'" *In re Parris*, Case No. 23-72011-SCS, 2025 WL 2713141, at *22 n.61 (Bankr. E.D. Va. Sept. 23, 2025) (citation omitted). Under this theory, the government holds the profits from these transactions in secret trust accounts that can be accessed by redeeming one's birth certificate. *Id.*

A person's birth certificate does not create, nor is evidence of, a contractual relationship. *Prelle*, 2024 WL 4898064, at *4. A birth certificate also does not serve as evidence of non-existent trust accounts funded by the federal government. *See In re Parris*, 2025 WL 2713141, at *22 n.61 (collecting cases). Courts regularly dismiss strawman/redemption claims like the one Plaintiffs advance here as "fictitious." *Prelle*, 2024 WL 4898064, at *4 (citation omitted) (collecting cases). *See In re Parris*, 2025 WL 2713141, at *22 n.61 (collecting cases). Because Plaintiffs' claims are fictitious, this Court lacks subject matter jurisdiction and must dismiss Plaintiffs' complaint. *Prelle*, 2024 WL 4898064, at *4, *7.

When "the absence of subject matter jurisdiction is apparent from the face of the complaint, [and] any amendment would be futile" a court can dismiss a claim for lack of subject matter jurisdiction with prejudice. *Roberts v. Mayor and Burgesses of London Borough of Brent*, 70 F. App'x 615, 619 (3d Cir. 2003) (citing *Miklavick v. USAir*, 21 F.3d 551, 557-58 (3d Cir. 1994)). Because Plaintiffs' claims are fictitious it is apparent that this court does not have jurisdiction. For the same reason, Plaintiffs could not possibly amend their complaint to bring their claims within the power of the Court. Therefore, the Court will dismiss Plaintiffs'

4

complaint with prejudice. *See Yoder v. Morrow*, 671 F. App'x 27, 29 (3d Cir. 2016) (mem.) (where federal question jurisdiction was premised on a "wholly insubstantial and frivolous" claim, District Court properly dismissed complaint with prejudice for lack of subject matter jurisdiction because amendment would be futile).

      **B. Congress Has Not Waived the Governors' nor the Treasury Department's Immunity for these Fictitious Claims.**

Although the fictitious nature of Plaintiffs' claims alone merits dismissal of the entire case, the Governors and Treasury Department are further entitled to sovereign immunity.[3] Plaintiffs argue that the Administrative Procedures Act ("APA") waives the federal government's sovereign immunity because Plaintiffs' suit does not seek monetary damages against the United States. Opp., ECF No. 58 at 3. Instead, Plaintiffs argue that they seek the government's aid in accessing trust accounts that Plaintiffs claim exist. Compl., ECF No. 1 ¶ 13.

The APA does not waive sovereign immunity "when . . . the challenged action is not a 'final agency action.'" *LKQ Corp. v. U.S. Dept. of Homeland Sec.*, 369 F. Supp. 3d 577, 584 (D. Del. 2019) (quoting 5 U.S.C. § 704). Although agency action can include inaction on the part of a federal agency, 5 U.S.C. § 551(13); the only kind of agency action that can be compelled through the APA is action that is "legally *required*." *See Ahmed v. Holder*, 12 F. Supp. 3d 747, 753 (E.D. Pa. 2014) (quoting *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 63 (2004))

---

[3]     Unlike the Governors and the Treasury Department the Federal Reserve Bank of Philadelphia is not entitled to sovereign immunity because it is a private entity that is "not part of any executive department or agency." *Banco San Juan Internacional, Inc. v. Fed. Res. Bank of N.Y.*, 762 F. Supp. 3d 247, 276 (S.D.N.Y. 2025) (quoting *Kraus v. Wells Fargo & Co.*, 943 F.3d 588, 597 (2d Cir. 2019)) (Federal Reserve Bank of New York is not a government entity).

(emphasis in original).  Because Plaintiffs have not established that the government was legally required to act, the APA does not waive sovereign immunity.[4]

IV.     **CONCLUSION**

Because Plaintiffs advance fictitious legal theories, this Court does not have jurisdiction over Plaintiffs' claims.  As a result, the Court will grant Defendants' motions to dismiss and dismiss Plaintiffs' complaint with prejudice.

An appropriate order follows.[5]

**BY THE COURT:**

_____
MARY KAY COSTELLO, J.

---

[4]     Neither the Federal Tort Claims Act ("FTCA") nor the Tucker Act waive sovereign immunity.  Because Plaintiffs bring a fictitious theory of tort liability, the FTCA does not waive the United States' sovereign immunity.  *See* 28 U.S.C. § 2674 ("The United States shall be liable" for tort claims "in the same manner and to the same extent as a private individual under like circumstances.").  The Tucker Act does not waive sovereign immunity because Plaintiffs bring a fictitious contract claim and their constitutional claims, if any, are meritless  *See Prelle*, 2024 WL 4898064, at *4 (citing *Gravatt*, 100 Fed. Cl. at 286) (Tucker Act does not waive sovereign immunity in redemption theory cases); *Robinson v. United States*, No. 24-cv-166, 2024 WL 4524743, at *9 (Fed. Cl. Sept. 17, 2024) (meritless Fifth Amendment takings claim could not form the basis of Tucker Act jurisdiction).

[5]     While Defendants' motions to dismiss were pending, Plaintiffs filed four additional motions seeking various remedies against the Defendants.  *See* ECF Nos. 38, 68-69, 75.  Because the Court lacks jurisdiction over Plaintiffs' claims and is dismissing their complaint with prejudice, the Court denies these motions as moot.